

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50337 | **DATE** | 5/20/2003 |
| **CASE TITLE** | STAGE vs. CONNELLY, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

No notices required, advised in open court.

No notices required.

✓ Notices mailed by judge's staff.

Notified counsel by telephone.

Docketing to mail notices.

✓ Mail AO 450 form.

✓ Copy to judge/magistrate judge.

/SEC   courtroom deputy's initials

number of notices

MAY 20 2003
date docketed

docketing deputy initials

5-20-03
date mailed notice

U.S. DISTRICT COURT

2003 MAY 20 PM 3:52

Date/time received in central Clerk's Office   mailing deputy initials

Document Number

29

# MEMORANDUM OPINION AND ORDER

Originally proceeding pro se but now with the help of appointed counsel, plaintiff, William Stage, has filed a single-count complaint under 42 U.S.C. § 1983 against defendants, Bill Connelly, Fred Meyers, and Kathy Suter, all of whom are sued in their individual capacities as correctional officers at the Whiteside County Jail ("Jail"), as well as Roger Skipper, in his capacity as the Whiteside County Sheriff. Stage alleges that, while he was a pretrial detainee at the Jail, defendants violated his rights under the Fourteenth Amendment by not protecting him from an assault by fellow detainee Maurice Black. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. As the court previously dismissed Skipper from the case, the remaining defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

In September 1999, Black was assigned to cell block A at the Jail, the same cell block where Stage was incarcerated. Shortly thereafter, at some point in either September or October 1999, Black told Stage he would poke Stage's eyes out with a pencil while he was asleep. Although the inmates were locked inside their cells overnight, the cell doors in cell block A remained open from approximately 6:00 a.m. until 10:00 a.m., so Black could have carried out such a threat. Stage then told Connelly about Black's threat and asked that either he or Black be moved to another cell block. Connelly, in turn, relayed Stage's complaint to Meyers, who was Connelly's supervisor. Stage also claims he and another inmate wrote a letter about Black's threat to the "head jailers" at the Jail, one of whom was Suter. Despite Stage's complaints, defendants essentially did nothing: both Stage and Black remained in cell block A, the doors in cell block A remained open during the same four hour time span, and Black received no discipline.

Then on November 6, 1999 – anywhere from one to four weeks after Black's threat, according to the conflicting evidence – Stage and Black got into an altercation over which channel to watch on the television in the dayroom of cell block A. According to Stage, he had turned on the news, then got up to get a razor and his medicines, put those items in his cell, and returned to find Black had changed the channel. Stage changed the channel back to the news. Then as Black went to change the channel again, Stage reached for the t.v. at the same time and touched Black's hand. This prompted Black to punch Stage on the top of his head. The two men grabbed each other, scuffled a bit, and separated voluntarily.

Prison officials can be held liable for not preventing an inmate-on-inmate assault only when (1) the plaintiff was subjected to a "substantial risk of serious harm" – i.e., one that is "objectively, sufficiently serious" – and (2) the prison officials were deliberately indifferent – i.e., they knew of but disregarded the risk to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Langston v. Peters, 100 F.3d 1235, 1238 (7th Cir. 1996); Jelinek v. Greer, 90 F.3d 242, 244 (7th Cir. 1996). In this case, the court finds Stage's claim falters on the first prong. Needless to say, threatening to poke a person's eyes out with a pencil obviously involves "serious harm." But Stage has offered little, if any, evidence from which a reasonable jury could conclude that the risk of Black carrying out such a threat or any similar threat of violence against Stage was objectively "substantial."

To begin with, Stage himself does not remember any of the circumstances surrounding Black's initial threat – indeed, Stage testified in his deposition that Black constantly threatened everybody in cell block A and threatened Stage "all the time," implying Black's threat to poke Stage's eyes out was just one among many. More importantly, though, there is no evidence Black ever had either accompanied his threats with actual violence or followed through with any of his threats of bodily harm. Stage further admits there was not a single reported incident of violence at the Jail involving Black up until the tussle between him and Stage on November 6. Although defendants considered a Black a "problem inmate" and admit Black had trouble getting along with fellow inmates, was cocky, hot-tempered, angry, and arrogant, and had to be transferred out of two other cell blocks in the Jail before being moved to cell block A because he "had been giving inmates in E Block all kinds of trouble," "made his cell mate give up [the] lower bunk," and "was taking things," there is, once again, no evidence that any of the trouble Black caused was violent in nature, let alone that it took the form of physically assaulting another inmate. Based on the record before the court and drawing all reasonable inferences in Stage's favor, all that really can be said about Black is that he was a blowhard, whose repeatedly idle and empty threats were not to be taken seriously.

Perhaps most convincing on this point is Stage himself, who apparently was not the least bit bothered by Black's threat, as the incident on November 6 itself makes perfectly clear. Stage claims Black initiated that "assault" by punching him in the head; but even if this were true, Stage was hardly an innocent victim. As the narrative above shows, Stage quite willingly challenged Black over a totally trivial matter – what to watch on television. In a supplemental affidavit, Stage says in a conclusory and self-serving manner that he "personally feared for [his] physical safety after Black's threats" because he "knew Black could assault [him] during times when the cells were unlocked." But Stage's actions speak louder than his words. If he did not take Black's threat seriously, then why should defendants have done so? In any event, as discussed already, defendants had no other reason to think Black's threat posed a substantial risk to Stage's safety. For all of these reasons, although the courts have yet to flesh out exactly when a risk of serious harm becomes "substantial," see Farmer, 511 U.S. 825 at 834 n.3; Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1051 (9th Cir. 2002), this court finds that whatever the line is between *some* risk and a *substantial* risk, Black's threat did not cross that line.

For the reasons stated above, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

# United States District Court
## Northern District of Illinois
### Western Division

William Stage

      v.

Bill Connelly, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50337

☐   Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■   Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

FILED
2003 MAY 20　PM 3: 52
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

*Susan Wessman*

Susan M. Wessman, Deputy Clerk

Date: 5/20/2003